**Mamadou BALDE, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–74070.**

**Agency No. A70–895–306.**

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 17, 2005.

Matthew B. Weber, Seattle, WA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, WWS-District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, WA, Jennifer A. Parker, Anthony W. Norwood, Esq., Jennifer Levings, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Mamadou Balde, a native and citizen of Mali, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1105a and review due process challenges de novo. *Perez–Lastor v. INS*, 208 F.3d 773, 777 (9th Cir.2000). We deny the petition.

Because petitioner does not challenge the BIA's denial of asylum, withholding of deportation, and CAT relief in his opening brief, the claims are waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

Petitioner's contention that his due process rights were violated based on an inadequate translation at the asylum hearing fails because petitioner has not demonstrated prejudice or that any error affected the outcome of the proceedings. *See Kotasz v. INS*, 31 F.3d 847, 850 n. 2 (9th Cir.1994)

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004), petitioner's voluntary

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.